1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

**United States District Court**
**For the Northern District of California**

11   CLIP VENTURES LLC,                          No. C 10-03227 CRB

12                  Plaintiff,                    **ORDER GRANTING MOTION TO**
                                                 **TRANSFER AND VACATING MOTION**
13       v.                                       **TO DISMISS**

14   U-DIG-IT ENTERPRISES, INC.,

15                  Defendant.
     _____/

16

17        Two motions are pending in this false marking case: (1) a Motion to Transfer the case to

18   Idaho under 28 U.S.C. § 1404(a); and (2) a Motion to Dismiss the complaint for failing to state a

19   claim.  As the Court held from the bench at the motion hearing held on October 22, 2010, it

20   GRANTS the first Motion and VACATES the second as moot.

21   **I.      BACKGROUND**

22        Defendant U-Dig-It Enterprises is a small company that sells one product, a stainless steel

23   hand shovel**,** through retail outlets like REI.  Joyce Jackson Decl. at ¶ 5; Supp. Joyce Jackson Decl.

24   at ¶ 2.  U-Dig-It has two officers, Joyce Jackson, its President, and Milan Jackson, its Secretary and

25   her husband.  Joyce Jackson Decl. at  ¶¶ 1, 3.  Milan Jackson is also the inventor of the U-Dig-It

26   shovel.  Id. at ¶ 5.  U-Dig-It has no employees.  Id. at ¶ 3.  An Oregon corporation, its principal and

27   "only place of business" is in Boise, Idaho, at the Jacksons' home.  Id. at ¶ 2.

28        Plaintiff Clip Ventures is a California LLC that was apparently formed in July 2010 for the

     purpose of pursuing false marking litigation.  See Kohler Decl. at ¶¶ 2-3 and Ex. A; see also Clip

Ventures LLC v. M.E. Heuck Co., No. 3:2010-cv-03456 (N.D. Cal.); Clip Ventures LLC v. Newell Operating Co., No. 3:2010-cv-03495 (N.D. Cal.); Clip Ventures LLC v. Flex-O-Glass, No. 3:2010-cv-03494 (N.D. Cal); Clip Ventures LLC v. Ronco Acquisition Corp., No. 3:2010-cv-03491 (N.D. Cal.). Clip Ventures's Disclosure of Non-Party Interested Entities or Persons asserts that Bruno Tarabichi and David Owens, counsel in this case, are interested parties. See Disclosure Statement.

Clip Ventures has brought a qui tam action against U-Dig-It, alleging that U-Dig-It marks its shovels with U.S. Patent No. 4,424,997, although that patent expired over nine years ago. Compl. at ¶ 11. Accordingly, Clip Ventures alleges, "U-Dig-It continues to sell the falsely marked shovel as of the date of this Complaint" and "knowingly falsely marks its shovel with an intent to deceive the public." Id.

## II.    DISCUSSION

### 1.    Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a), U-Dig-It moves to transfer the case to the District of Idaho, where its business is located. District courts have discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted). A motion to transfer should not merely shift the inconvenience from the moving party to the opposing party. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). To prevail on a motion to transfer, a moving party must establish (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992). The parties here do not seriously dispute the first two factors, and indeed the Court finds that venue is proper here and the case might have been brought in Idaho.

When considering a motion to transfer venue, the factors a court may consider include (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. See Vu v.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   <u>Ortho-McNeil Pharm., Inc.</u>, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (citing <u>Williams v.</u>

2   <u>Bowman</u>, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

3           **A.**     **Private Interest Factors**

4          Though a plaintiff's choice of forum is usually entitled to deference, <u>Decker Coal</u>, 805 F.2d

5   at 843, this principle does not hold nearly as strongly when the plaintiff is a <u>qui tam</u> relator asserting

6   the rights of the federal government.  <u>See</u> <u>San Francisco Tech. v. The Glad Prods. Co.</u>, 2010 WL

7   2943537 at *7-8 (N.D. Cal. July 26, 2010); <u>United States v. Regents of the Univ. of Cal.</u>, 2002 WL

8   334915 at *3 (N.D. Cal. Feb. 25, 2002); <u>United States v. Catholic Healthcare West</u>, 2001 WL

9   1463792 at *2 (N.D. Cal. Nov. 9, 2001); <u>United States v. Covenant Care, Inc.</u>, 1999 WL 760610 at

10  *3 (N.D. Cal. Sept. 21, 1999).  This is so because "much like a plaintiff in a derivative suit or class

11  action, plaintiffs here are also suing in the name of another, the United States." <u>Covenant Care</u>,

12  1999 WL 760610 at *3.  Accordingly, Clip Ventures's choice of forum is "entitled to little

13  consideration," <u>id.</u>, and this factor weighs only slightly against transfer.

14         Significant in this case is the convenience of the parties.  While Clip Ventures is located in

15  California, U-Dig-It is located in Idaho.  U-Dig-It presents significant evidence that having the case

16  heard in California would be a hardship.  Milan Jackson, the inventor of the shovel and one of U-

17  Dig-It's two officers, is in very poor health.  Mot. at 5.  He is 77 and has heart problems, has had

18  many back surgeries, has extensive arthritis, his spine is deteriorating, he has limited use of his

19  hands, has limited hearing, and is in the primary stages of Alzheimer's Disease.  Milan Jackson

20  Decl. at ¶ 4.  This means that traveling is difficult for him, <u>id.</u>, and that his wife, the other officer in

21  the company, is "hesitant to travel out of the state while leaving him behind," Joyce Jackson Decl. at

22  ¶ 10.  In addition, because U-Dig-It is a two-person operation, Joyce Jackson's absence "effectively

23  requires that the company be shut down while [she is] away."  <u>Id.</u> at ¶ 9.  Clip Ventures does not

24  contend that travel for it would be nearly as difficult, arguing only that Milan Jackson might not be a

25  necessary witness and therefore it is simply a matter of Joyce Jackson leaving him behind for "what

26  may be a relatively short period of time" during trial.  Opp. at 9-10.  While a transfer of venue

27  should not merely shift the inconveniences from one party to the other, <u>see</u> <u>Decker Coal</u>, 805 F.2d at

28

**United States District Court**
For the Northern District of California

843, this is not a case where the inconvenience faced by each side is equal.[1]  This factor favors transfer.

Because Milan[2] and Joyce Jackson are presumably the chief witnesses in the case, the convenience of witnesses also favors an Idaho venue.  Clip Ventures adds that it will want to call as a witness Jack Day, the patent agent that represented U-Dig-It in obtaining its patent.  Opp. at 8.  Day apparently lives in Portland, Oregon, see Owens Decl. at ¶ 2, so he does not tip the scale toward either California or Idaho, as Clip Ventures concedes, Opp. at 8.  In addition, Clip Ventures asserts that it will seek discovery from "distributors/retailers that offer the falsely marked product," arguing that "such witnesses are anticipated to be from retail outlets in California."  Opp. at 8.  But this argument is unavailing.  The Complaint alleges that the shovels are sold "throughout the United States," Cmplt. at ¶ 15, and U-Dig-It concedes that, see Joyce Jackson Decl. at ¶ 8, so there is no reason distributors or retailers from California outlets are necessary.[3]  This factor favors transfer.

As for ease of access to evidence, all of the evidence is in Idaho: the false marking appears to have taken place there, the two primary witnesses are in Idaho, the company's documents as to the shovel, the patent number, and its financial condition are all in Idaho.  See Joyce Jackson Decl. at 6.  Clip Ventures argues, though, that "documents relating to the patent, the marking of the single product, decisions regarding such marking, and sales and financials regarding the single product at issue may be all that are needed from U-Dig-It."  Opp. at 8.  And indeed, "[g]iven technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden."  Brackett v. Hilton Hotels Corp., 619 F.Supp. 2d 810, 820 (N.D. Cal. 2008) (internal citation omitted).  But U-Dig-It's counsel noted at the motion hearing that many of his client's papers were not electronic or easily transported.  Moreover, "[l]itigation should proceed where the case finds its center of gravity."  See Hoefer v. U.S. Dep't of Commerce, 00-0918, 2000

---

[1]  In addition, convenience of counsel is not considered for venue transfer purposes.  See San Francisco Tech., 2010 WL 2943537 at *9.

[2] The Opposition refers to taking Milan's deposition early "in the event that he is unavailable for trial," Opp. at 9, but does not affirmatively assert that he would not be called at trial.

[3] It is also unclear what such witnesses would contribute to the case where there appears to be no dispute that U-Dig-It marks their product with the patent number, and the only questions will be the company's intent and the number of products that are falsely marked.

1   WL 890862, at *3 (N.D. Cal. June 28, 2000).  The center of gravity of this case is Idaho.

2   Accordingly this factor, too, favors transfer.[4]

3                    **B.       Public Interest Factors**

4           Plaintiff argues that "California is more familiar with patent law and false marking claims,"

5   Opp. at 4, but this argument is baseless.  "Questions of federal law may be applied by any federal

6   court, and this Court is not necessarily better able to apply the false marking statute than federal

7   courts in other districts."  San Francisco Technology, 2010 WL 2943537 at *6.  This factor is

8   therefore neutral.

9           Plaintiff also argues that California has an interest in the controversy, because "Silicon

10  Valley is a leader in innovation and entrepreneurship, and the effect of false marking is likely to

11  have as detrimental effect in this jurisdiction, if not more, than any other jurisdiction."  Opp. at 10-

12  11.  This argument also fails.  Silicon Valley likely does not have a great interest in hand shovel

13  innovation.  Moreover, Defendant seems to have little contact with the state of California.  See Joyce

14  Jackson Decl. at ¶¶ 7-8 (company's connection to California is "no greater than with any other

15  state").  While Plaintiff is located in California, it was only recently formed, and seems to conduct

16  no business aside from filing qui tam complaints.  Whatever harm exists from U-Dig-It's alleged

17  false marking is shared by the entire country, due to the nationwide distribution of the shovel.

18  Indeed, Idaho arguably has a greater interest than California in that it has an interest in making sure

19  that its companies comply with the law.  This factor is therefore at least neutral or slightly favors

20  transfer.

21          Finally, the parties make no compelling arguments about court congestion.

22          Though the public factors are relatively neutral, the private factors favor a transfer to Idaho.

23  The Court therefore GRANTS the Motion to Transfer.

24                   **2.       Motion to Dismiss**

25          In the alternative, U-Dig-It moves to dismiss the case under Rule 12(b)(6), arguing that the

26  false marking statute is a fraud-based claim, subject to the heightened pleading standards of Rule

27  _____

28          [4] Clip Ventures makes an additional argument that transfer is inappropriate because U-Dig-It is incorporated in Oregon, could have been sued there, and that would have been "similarly inconvenient."  Opp. at 10-12.  This is irrelevant.

**United States District Court**
For the Northern District of California

1   9(b), and that Clip Ventures has not met this standard.  Mot. at 6.  As the Court has granted the

2   Motion to Transfer, it need not reach the Motion to Dismiss.

3   **III.      CONCLUSION**

4           For the foregoing reasons, the Court GRANTS the Motion to Transfer and VACATES the

5   Motion to Dismiss as moot.

6           **IT IS SO ORDERED.**

7

8                                                          _____

9   Dated: October 25, 2010                  CHARLES  R. BREYER
                                             UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California